**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:22-cr-00040-HAB-SLC** |
| | ) | |
| | ) | |
| **GERARDO NINO ROMERO** | ) | |

**OPINION AND ORDER**

Before the Court is a "Motion to Reconsider Pretrial Detention" filed by Defendant

Gerardo Nino Romero on July 12, 2022.  (ECF 44).[1]  The Government filed a response on

August 2, 2022.  (ECF 49).  For the following reasons, Defendant's motion will be DENIED.

*A.  Background*

On May 25, 2022, the United States of America charged Defendant by way of a criminal

complaint with one count of possessing cocaine with the intent to distribute in violation of 21

U.S.C. § 841(a)(1).  (ECF 1).[2]  The following day, the Government moved that Defendant be

detained pending trial.  (ECF 4).  On June 1, 2022, the Court held a detention and probable cause

hearing.  (ECF 13).  At the hearing, the Government requested the Court consider the criminal

complaint (ECF 1), the pretrial bond report (ECF 10), and its addendum (ECF 12) when

---

[1] Defendant was initially charged by way of a criminal complaint in case number 1:22-mj-99.  Similarly, co-Defendant Ramiro Nunez Diaz and co-Defendant Gustavo Adolfo Calderon Martinez were charged in case numbers 1:22-mj-100 and 1:22-mj-101, respectively.  Defendants have since been jointly indicted in this case, and as such case numbers 1:22-mj-99, 1:22-mj-100, 1:22-mj-101 have been consolidated under this matter number, 1:22-cr-40.  (ECF 17).  However, because the three matters were consolidated, there are multiple filings with the same docket number.  Going forward, all citations to portions of the record filed before the Indictment (ECF 17) refer to the filings initially made in 1:22-mj-99 unless otherwise noted.

[2] Defendant has since been indicted with one count of conspiracy to distribute and possess with the intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846, and one count of possessing with the intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  (ECF 17).

addressing the issue of detention.  The Government also noted that Defendant did not cooperate in his interview with Pretrial Services.  (*See* ECF 10 at 1).

Because Defendant was charged with a violation of 21 U.S.C. § 841(a)(1), the Court observed that a statutory presumption of detention pursuant to 18 U.S.C. § 3142(e)(3) applied. For evidence, the Government proffered that Defendants were all identified as members of CJNG—a Mexican drug trafficking organization, that a person close to a confidential human source was threatened due to his cooperation in bringing this case, and that over 4,000 grams of cocaine, 16 grams of heroin, and approximately 16 pounds of marijuana were found at Defendant's home during the execution of a search warrant.  (*See* ECF 1 at 5-6).  Further, the Government proffered that Defendant's girlfriend admitted to law enforcement that both she and Defendant used cocaine, and that she intended to move to Mexico.  (*See* ECF 10 at 2).  The Government further noted that Defendant and his co-Defendants were all employed by the same company, GCN Home Remodeling, LLC, and emphasized Defendant's prior drug trafficking conviction and his failure to appear in court as ordered during the pendency of that case.  (*See id.* at 2-3).

Defendant, through counsel, emphasized Defendant's community ties—including the fact that he was a naturalized citizen and he owned GCN Home Remodeling, LLC.  Similarly, while Defendant recognized that he had a prior state drug charge and failure to appear, he emphasized that the drug charge was over a decade old—from 2009—and that he returned to court two days later, had his bond reinstated, and remained successfully on bond until he pled guilty to the drug charge.  (*See id.*).

During argument, the Government emphasized that the weight of the evidence against Defendant was strong—specifically pointing to the amount of narcotics found at his home.

Further, the Government pointed to Defendant's ties to Mexico—including his girlfriend's apparent intention to return to Mexico—to suggest he was a flight risk.  Still more, the Government argued that Defendant's lack of cooperation with Pretrial Services suggests he would not cooperate with authorities on release.

Further, the Government observed that Defendant intended to reside on release at the same location where the drugs at issue to this case were found and that Defendant's business employed two of his co-Defendants.  Finally, the Government emphasized that Defendant allegedly continued to traffic drugs despite his prior state conviction, and that Defendant was tied to a violent drug trafficking organization and that threats were already made towards a person close to a confidential human source.  As such, the Government asserted that Defendant was also a danger to the community.  In rebuttal, Defendant's counsel requested that Defendant's failure to cooperate with Pretrial Services not be held against him—contending that he may have misunderstood the purpose of the interview because counsel was not present—and reporting that he would cooperate with Pretrial Services going forward.

The Court ultimately found that Defendant had not rebutted the presumption against detention and that by a preponderance of the evidence, there were no conditions or combination of conditions which would ensure his appearance at trial, and that by clear and convincing evidence, there were no conditions or combination of conditions which would ensure the safety of the community.  In support of its decision, the Court noted that the weight of the evidence against Defendant was strong, he faced a lengthy period of incarceration if convicted, and he has a conviction for a similar offense.  While the Court did not hold Defendant's failure to cooperate with Pretrial Services against him, his lack of cooperation left the Court without evidence which might rebut the presumption against detention.

Specifically, the Court observed that it had little information of Defendant's drug or alcohol usage, and his background as to his residence.  The Court also observed that while Defendant had family ties to this district, he also had ties to Mexico.  Further, the Court considered Defendant's prior failure to appear.  Finally, the Court found it concerning that threats had been made against a person close to a confidential human source and that Defendant appeared to own a business which employed two of his co-Defendants.  The same day, the Court entered a Detention Order summarizing its findings.  (ECF 14).[3]

In his motion to reconsider pretrial detention, Defendant emphasizes that he is a United States citizen who has resided in Fort Wayne since 1997, has children who attend school in Fort Wayne, has a mortgage on the property where his children live, and that he is willing to cooperate with the Probation office.  (ECF 16 ¶¶ 1-2, 9).  He further notes that while his girlfriend told law enforcement she may return to Mexico, she had only dated Defendant for several weeks, was effectively homeless upon his arrest, and does not have the financial capacity to help him return to Mexico.  (*Id.* ¶ 3).  As to his ownership of GCN Home Remodeling, LLC, he notes that his co-Defendants have all been detained, and as such, there is no risk of him interacting with them if released.  (*Id.* ¶¶ 7-8).  Further, he reports that rather than returning to his residence where the narcotics were found—he could reside with his mother in Fort Wayne.  (*Id.* ¶ 6).  Finally, Defendant again notes that while he failed to appear in his state drug case, his bond was reinstated and not revoked until he pled guilty.  (*Id.* ¶ 10).  The Government contends that this information was all known to Defendant at the time of his detention hearing, and as such, there is no need to reopen the detention hearing.  (ECF 49).

---

[3] Upon review, the Court noticed that it had, in error, marked that Defendant had both rebutted and failed to rebut the presumption in favor of detention.  (*Id.* at 2).  Consequently, the Court will enter an amended Detention Order correcting this error.

*B.  Applicable Legal Standard*

As an initial matter, Defendant does not identify what legal authority he is requesting the Court revisit its Detention Order under.  Accordingly, the Court must first determine the proper standard to apply.  The release or detention of a defendant pending trial is generally governed by 18 U.S.C. § 3142.  While the text of § 3142 does not provide for multiple detention hearings, subsection (f) states that:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Thus, in order to obtain reconsideration of the detention decision, a defendant must present evidence that was not previously available and is relevant to the determination of his risk of flight or danger to the community.  *United States v. Hendon*, No. 08-CR-172, 2009 WL 2912906, at *2 (E.D. Wis. Sept. 10, 2009).  The Court, though, does not need to hold an additional hearing if the moving party fails to reach this threshold showing.  *See United States v. Sallay*, Cause No. 2:11–CR–015, 2011 WL 1344288 at*3 (N.D. Ind. Apr. 8, 2011); *United States v. Bernal*, No. 2:10-CR-109, 2010 WL 3039528 at *4 (N.D. Ind. July 30, 2010).

That being said, pursuant to 18 U.S.C. 3145(b), "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  "Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked . . . and '[t]he standard of review for the district court's review of a magistrate judge's detention . . . order . . . is *de novo*.'"  *United States v. Parahams*, No. 3:13-CR-005 JD, 2013 WL 683494, at *1 (N.D. Ind. Feb. 25, 2013) (second, third, and fourth alteration in original) (quoting

*United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003)). If the court having original jurisdiction—the District Court—finds against him, a defendant can then appeal to the Circuit Court of Appeals. 18 U.S.C. § 3145(c) ("An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of [28 U.S.C. § 1291] and [18 U.S.C. § 3731].").

Here, as mentioned, Defendant does not identify which provision he is proceeding under, nor does he cite to any rule, statute, or case concerning the legal basis for his request. (*See* ECF 44). That being said, Defendant asserts that his motion is based upon "changes in circumstances" and recites various facts he believes supports his pretrial release. (*Id*. at 1). Thus, because Defendant seems to premise his argument on "new" evidence and does not otherwise identify any error to be revisited on review, the Court interprets his motion as a motion to reopen the detention hearing pursuant to § 3142(f).

## C. Analysis

Unfortunately for Defendant, none of the "changes in circumstances" identified are both "new" and "material" and as such there is no need to reopen the detention hearing. First and foremost, many of the facts Defendant now cites—such as his history of living in Fort Wayne, his willingness to cooperate with Pretrial Services, and the circumstances surrounding his state-court failure to appear and bond revocation—were proffered and argued by his counsel at the initial hearing. It is true that some information was not specifically mentioned at the hearing—such as his children and mortgage or his girlfriend's financial status—but presumably this would have been known before and during the hearing, and Defendant provides no reason why it was not offered then. *See United States v. Hussain*, No. 04 CR 839-1, 2004 WL 2418294, at *3 (N.D. Ill. Oct. 27, 2004) ("However, Hussain has not provided any explanation regarding why

this information was not known to him at the time of the detention hearing, and if it was known to him, why it was not presented at the hearing.").

Defendant likely did not know that his co-Defendant had and would be detained at his own detention hearing,[4] and may have not known that he could reside with his mother if released. But even if he did not, such information does not materially move the needle toward release. Defendant being able to reside at his mother's house or attend work without interacting with his co-Defendants does not change the fact that the weight against him is strong, he faces a lengthy period of incarceration if convicted, and has a prior conviction of a drug trafficking offense and a prior failure to appear in court as ordered. (*See* ECF 14 at 2-3). Nor does any of the information in Defendant's motion lessen the fact that he is associated with threats made to a person close to a confidential human source. (*Id.* at 3).

Even if the Court had considered the information Defendant now offers, it would have still found that he constituted a flight risk and a danger to the community. *See Hussain*, 2004 WL 2418294, at *3 ("We also note that the information that Hussain seeks to present to the court would not be material in that it would not likely impact our ultimate decision to detain Hussain."); *see also United States v. Hundley*, No. 2:07-CR-101-JTM, 2008 WL 2566748, at *2 (N.D. Ind. June 24, 2008*)*. Accordingly, because the information offered in the motion is not material to the issue of detention, the Court will not reopen the detention hearing.

### D. Conclusion

In sum, Defendant does not offer evidence that is both new and material to the issue of detention. Therefore, Defendant's motion to reconsider pretrial detention (ECF 44), which the

---

[4] The detention hearing of co-Defendant Ramiro Nunez Diaz was held immediately before Defendant's, while the detention hearing of co-Defendant Gustavo Adolfo Calderon Martinez was continued to a later date at his counsel's request. (*See* ECF 11 in 1:22-mj-100; ECF 6, 11 in 1:22-mj-101).

Court interprets as a motion to reopen the detention hearing pursuant to 28 U.S.C. 3142(f), is DENIED.

SO ORDERED.

Entered this 9th day of August 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge